IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**PATSY ANN HONEY**                                                                                      **PLAINTIFF**

**V.**                                                           **CIVIL ACTION NO.:4:20-CV-53-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**

## MEMORANDUM OPINION

The plaintiff, Patsy Ann Honey, seeks judicial review of the Social Security Administration's decision denying her application for Social Security disability and SSI benefits. She argues the administrative law judge erred in determining her residual functional capacity (RFC) and that the Appeals Council should have remanded the case for further consideration based on the medical evidence submitted on appeal. Having reviewed and considered the record, briefs and oral argument, the court find the decision of the Commissioner of Social Security is supported by substantial evidence and it is therefore affirmed.

## FACTS

The plaintiff, Patsy Ann Honey, filed for benefits on January 18, 2018, alleging onset of disability commencing on October 1, 2017. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on June 10, 2019. (Dkt. 10 p.16-30)[1] The plaintiff submitted additional medical evidence to the Appeals Council. The Appeals Council denied the request for review finding the additional

---

[1] The administrative record is Docket 10. Unless otherwise indicated, all references are to the administrative record. The page cites are to the court's numbering system, rather than the administrative numbering.

evidence did not relate to the period at issue and would not likely alter the outcome. This timely appeal followed.

The ALJ determined Honey had the following severe impairments: obesity, obstructive sleep apnea, anemia, osteoarthritis of the right knee and hypertensive heart disease. The ALJ found she retained the residual functional capacity (RFC) to perform light work. She can only occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can occasionally crouch, kneel and crawl. She must avoid unprotected heights and concentrated exposure to pulmonary irritants such as dust, fumes, gases, and odors. He determined the plaintiff could not perform any past relevant experience, but found, based on the testimony of the vocational expert that there were other jobs in the national economy that would fit within her RFC.[2]

## **ANALYSIS**

First, the plaintiff argues that the ALJ erred when he failed to consider all the evidence in assessing her RFC. Specifically she argues the ALJ should have found she was restricted to sedentary work because the consulting examiner (CE), Dr. Mosquita, found she was limited to standing and walking not more than four hours out of eight. Honey argues that if she is restricted to sedentary work, given her age and vocational profile, she would be disabled under the "grids." Medical Vocational Guidelines, 20 CFR §§ 404.1569, 404.1569(a) and 416.969(a).

The plaintiff argues the ALJ erred when he found the opinions of Dr. Mosquita were not persuasive. The ALJ found the opinions not persuasive because they were inconsistent with the remaining record. (R. 26) Mosquita attributed Honey's restrictions to "chronic back pain" and knee pain. The problem is that the medical records do not establish any diagnosis or treatment

---

[2] He found, based on the testimony of the vocational expert, that the plaintiff could work as a ticket taker, mail sorter and garment sorter, with about 339,000 jobs in the national economy. R. 29.

for a spinal impairment. Honey nevertheless argues the ALJ's reasoning is factually erroneous because he did not expressly acknowledge that Mosquita's report was also based on Honey's knee pain. After considering the matter, the court finds the ALJ did not err when he found these opinions were not persuasive, and the explanation was sound. Specifically, Mosquita's report limiting the claimant's standing and walking clearly relied in part on Honey's subjective complaints of chronic back pain, which was not a medically established impairment and thus the ALJ properly discounted the opinion.

 Furthermore other records support the ALJ's "standing and walking" RFC. There are numerous physical examinations in the record during the pertinent time where Honey did not complain of knee pain and where there were completely normal musculoskeletal findings on examination. In fact, the first complaint of knee pain is in November 2018, on the same date that Honey obtained a medical source statement from a nurse practitioner to support her disability claim. The ALJ also mentions that Honey reported she was independent in activities of daily living, with the ability to wash clothes, drive, cook and shop for groceries. Consequently, the court finds substantial evidence in the record supports the ALJ's decision that Honey's knee condition did not preclude her from standing and walking for six hours per workday.

 Next, the plaintiff argues that the Appeals Council erred because it did not remand the case for reconsideration. After the ALJ's decision, Honey submitted an October 2019 medical source statement (MSS) from Dr. Daniel Boyd, an orthopedist, and a report of a January 2020 MRI from the University of Mississippi Medical Center Grenada. Boyd opined that Honey could stand and walk no more than two of six hours, but there are no treatment or examination records to support this opinion. Boyd ordered the later MRI of Honey's knee at UMMC Grenada. It showed normal muscles and tendons around the knee, mild edema in front of the patella, and a

baker's cyst. She had moderate to severe thinning of cartilage in the medial compartment. The impression was mild tricompartmental degenerative joint disease with small joint effusion; findings similar to the May 2019 MRI mentioned in the ALJ's decision. The Appeals Council decided the additional evidence did not relate to the period at issue in her decision and therefore would not affect Honey's disability decision. The evidence before the Appeals Council was a late unsupported MSS statement by a new doctor and an MRI that appears to be cumulative. Considering the evidence before it, this court cannot find the Appeals Council erred in finding the submitted evidence would not likely alter the outcome.[3]

For the foregoing reasons, the court finds the decision of the Commissioner is supported by substantial evidence and is hereby affirmed.

A separate judgment shall be entered.

This the 20th day of July, 2021.

/s/ David A. Sanders
U.S. MAGISTRATE JUDGE

---

[3] The Commissioner argues that *Higginbotham v. Barnhart*, 405 F.3d 332 (5th Cir. 2005) is no longer good law after the effective date of the new regulations governing Appeals Council review. Because resolution of this issue is not necessary to a decision in this case, the court does not address the issue. The court also notes that the administrative record submitted to this court includes a document entitled a "Request for Correction." The document post-dates the ALJ's decision and appears to be the note of a medical reviewer and DDS physician opining that Honey should be found disabled as of the day after the ALJ's decision in June 2019. Because neither side can explain exactly what this document means, its import, or how it came to be included in this record, the court has not considered it in making this ruling.